**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  20-10070 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00272-DAD-BAM-3 Eastern District of California, Fresno |
| v. | |
| JOSEPH WAYNE ATTAWAY II, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 13, 2021**
San Francisco, California

Before:  THOMAS, Chief Judge, MILLER, Circuit Judge, and RESTANI,*** Judge.

Joseph Wayne Attaway, II ("Appellant") was convicted by a jury on three

counts related to conspiracy to distribute and distribution of methamphetamines,

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846, and was sentenced to 204 months in federal prison. Appellant challenges his conviction and claims he was denied a fair trial in violation of his due process rights based on improperly admitted evidence in two forms: witness testimony regarding law enforcement officials' experience in gang-related assignments, and testimony describing the arrests of Appellant's alleged associates after a high-speed car chase.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review evidentiary decisions for an abuse of discretion. *United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016). We review for plain error, however, when an objection is not raised before the district court. FED. R. CRIM. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731–36 (1993). We affirm because the district court did not commit plain error or abuse its discretion.

The district court properly admitted the testimony of law enforcement officials regarding their gang-related assignments as relevant to their background and qualifications. *See United States v. Santiago*, 46 F.3d 885, 889–90 (9th Cir. 1995) (holding there was no reversible error because the record does not indicate that evidence was introduced "to condemn [Appellant] merely for affiliation with a . . . gang"). The district court also properly admitted testimony about the arrests of Appellant's associates because the testimony made it more likely that Appellant's visits to their homes were in furtherance of his drug-trafficking scheme, and helped

to explain why Appellant later sought a new drug supplier. Thus, the district court made no "clear or obvious" legal error. *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citing *Olano*, 507 U.S. at 734).

Furthermore, even assuming the challenged testimony was improperly admitted, there is overwhelming evidence of Appellant's guilt on the record, including wiretapped conversations in which Appellant discusses a drug sale and his efforts to find an alternative drug supplier. Thus, there is no "reasonable probability" that admitting the testimony in question "affected the outcome of the trial[,]" and so the district court did not commit plain error. *United States v. Marcus*, 560 U.S. 258, 262 (2010).

Further, the district court did not abuse its discretion in admitting photos identifying Appellant's associates because the photos were relevant to confirming who was arrested after the car chase and to connecting these individuals to the addresses Appellant visited after each drug sale. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008); *United States v. Abel*, 469 U.S. 45, 54 (1984). Given the evidence of Appellant's guilt on the record, even if the photos were improperly admitted, this "nonconstitutional error" did not "more likely than not affect[] the verdict." *United States v. Edwards*, 235 F.3d 1173, 1178–79 (9th Cir. 2000).

**AFFIRMED.**